UNITED STATES OF AMERICA, Plaintiff and Appellee, v. RAFAEL HERRERA DÍAZ, Defendant; and ADRIÁN NELSON, Intervener and Appellant.

No. 4814. Argued December 14, 1932.—Decided December 24, 1932.

J. M. Calderón, Jr., and De la Torre & Ramírez for appellant. José G. González and R. A. Gómez, Fiscal, for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Nelson was a dealer in automobiles. A chauffeur who said he had the money needed for a cash payment was negotiating for the purchase of a used car. With the permission of a salesman he took the car out for trial. On the evening of the next day he was arrested for the transportation of liquor and the car was seized. Nelson appeals from an order made after conviction of the chauffeur wherein the district judge held the showing made by Nelson to be insufficient and refused to return the car to him.

The ownership of the car was established beyond all reasonable doubt. The salesman who allowed the chauffeur to take the car out on trial had known him for a year as the employee of a certain Doctor Vélez López. There is nothing to indicate that the chauffeur had been guilty of any previous misconduct. The salesman had no knowledge of anything to the chauffeur's discredit and had no reason to suspect him of being a bootlegger. There was nothing to put either Nelson or his salesman upon inquiry. The chauffeur obtained possession of the car on December 23. He was expected to return it before six o'clock in the afternoon. A fruitless search was made for him the next day. The first information received by Nelson as to the whereabouts of the chauffeur was that he had been arrested on Christmas eve for the illegal transportation of a bottle of champagne. When the salesman allowed the chauffeur to take the car out for a few hours two days before Christmas he had no reason to anticipate that his prospective purchaser would keep the car over the holidays or that it would be seized by Prohibition officers and Nelson did not assume the risk of confiscation.

The order appealed from must be reversed.